## COUNTY OF PENOBSCOT.

### WILLIAMS *versus* HILTON.

A writ upon mortgage to obtain a foreclosure may be brought and maintained by the surviving mortgagee.

A promissory note, agreeing in many respects with one described in a mortgage deed, though variant therefrom in some of its particulars, may be proved *by parol* to be the note intended to be described in the mortgage.

Taxes legally assessed upon land, create a lien, which may become paramount to all other titles.

In the conditional judgment in favor of a mortgagee, there may be included sums paid by him for taxes, though assessed while out of his possession.

The mortgagee may presume the taxes to have been assessed legally, and may therefore pay them, without inquiring into their validity, unless notified by the mortgagee of their invalidity, and indemnified against hazard of losing the estate by omitting to pay them.

While the mortgager is in possession of the land, it is his duty to pay the taxes upon it.

If in addition to the mortgaged land, he also be in possession of adjoining land, it is his duty to cause the tax upon the mortgaged part to be separately assessed.

If he omit that duty, and the tax be assessed upon both lots collectively, without showing how much of it was upon the mortgaged part, the mortgagee, in order to prevent a forfeiture, may pay the whole tax, and have its amount included in his conditional judgment upon the mortgage.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

WRIT OF ENTRY, on a mortgage made by James Purinton to Thomas L. Winthrop and Reuel Williams. Winthrop having deceased, the action is brought by Williams as survivor. The condition of the mortgage was "that if the said James Purinton, his heirs, executors or administrators, pay to the said Winthrop and Williams, their heirs, executors, administrators or assigns, the sum of four hundred dollars, in one, two, three, four, five and six years according to his six notes therefor, then this deed, as also said six notes, bearing even date with these presents, given by the said Purinton to the said

Winthrop and Williams, promising to pay the same sum and interest at the times aforesaid, shall be void, otherwise shall remain in full force."

The demandant read one of the notes described in the mortgage. He also offered to read a note signed by Purinton in the following form, which was attached to the deposition of one D. Williams : —

"$66.                    Augusta, 15th day of June, 1829.

" For value received I promise Thomas L. Winthrop to pay him or order, sixty-six dollars, in five years from date with interest.                    " James Purinton.

" Attest : D. Williams."

This note was objected to because made payable, not to Winthrop and Williams, but to Winthrop only, and therefore not one of the notes secured by the mortgage.

The demandant then proposed to read the deposition of D. Williams, who wrote the mortgage deed and the notes, and who deposed that this note was one of the six notes made at the time of the mortgage and intended to be secured by it. The deposition was objected to, because contradicting the deed. It was admitted, however, subject to the objection.

The mortgage embraces only the East half of lot No. 17, and the West half of the adjoining lot No. 16. The tenant owns the East half of No. 16, and his buildings are upon that half. The taxes of the town, for 1846, 1847, 1848 and 1849 were assessed upon the mortgaged land and the other part of lot No. 16, in one sum, there being nothing to show what portion of it was upon the mortgaged land.

The whole of those taxes, amounting to $160,35, were paid by the demandant, who claims, that the amount should be included in the conditional judgment in this suit.

A default was entered, which is to be taken off, if the demandant is not entitled to recover.

*Stewart,* for the tenant.

According to the description in the mortgage deed, the notes secured thereby were all made payable to Winthrop and Williams. But the demandant claims to introduce, as secured

by the mortgage, a note payable to Winthrop alone, and relies upon deposition proof that the same was *intended* to be embraced in the mortgage. Such proof is not allowable.

" Oral testimony is not to be received to contradict, vary or materially affect by way of explanation any written contract, provided the contract is perfect in itself and capable of a clear and intelligible exposition from the terms of which it is composed." Per PARKER, C. J. in *Stackpole* v. *Arnold*, 11 Mass. 31; 1 Greenl. Ev. § 275, 276, 277, 281.

An error or mistake in a deed cannot even in a suit in equity be rectified upon *parol* testimony. *Elder* v. *Elder*, 1 Fairf. 80; *Dwight* v. *Pomroy*, 17 Mass. 303.

If the notes produced to sustain a mortgage differ materially from those described in it, the mortgage cannot be upheld. *Jewett* v. *Preston*, 27 Maine, 400.

It is not sufficient for plaintiff to prove that the *mortgagee* intended to secure the payment of the note in dispute, by the mortgage. He must show *affirmatively* that the *mortgager* also so intended. *Dwight* v. *Pomroy*, 17 Mass. 329.

But the plaintiff's counsel will probably contend that this evidence is admissible for the purpose of identifying the note as one of those *intended* to be secured by the mortgage, and of showing that there was a mistake on the part of the scrivener in not drawing the note to Winthrop and Williams; and that this may be shown by parol testimony, and that the plaintiff, upon that testimony, although it contradicts the mortgage, is entitled to have this note allowed in the conditional judgment.

But does this really alter the matter? Does not the mortgage on its face describe certain notes to Winthrop and Williams? Is not the note offered, payable to *Thomas L. Winthrop alone*, a very different note from any described in the mortgage? Does the demandant propose any thing less than, by his parol testimony, either to expressly contradict the mortgage or to add a material fact to it, viz., that it was intended also to secure a note to Thomas L. Winthrop *alone*, or to show that the *note* should have been made running to Win-

throp and Williams, like the first one offered, and their claim to have this note allowed *on parol proof* that it should have so been made ?

Could parol proof be received, in a suit by Winthrop and Williams on this note, that it was *intended* to make it running to them *jointly* instead of to *one* of them ? Could they recover upon such proof ?

Even the plaintiff's counsel will not contend that such proof could be received. Neither will he contend that parol testimony is competent to prove that it *was intended* to secure a note in the mortgage payable to *Winthrop alone* in *addition* to those running to *Winthrop* and *Williams.* The demandant then may assume the position that this note, given to Thomas L. Winthrop alone, was *intended* to have been made to *Winthrop* and *Williams ;* that it was one of the *six* notes described, or intended to be described, in the mortgage ; that *this note* was actually described in the mortgage as given to *Winthrop* and *Williams,* when in *point of fact* it was made by mistake of the scrivener running to *Winthrop alone.* And he will probably rely on the case of *Bourne* v. *Littlefield,* 29 Maine, 302, as an authority, in support of his position.

That case, so far as it goes, manifestly seems to support such a view. But it is not a case identical with this. In that case, the diversity was merely in the pay-day ; here it is in the party to whom the note was given. But the tenant respectfully submits that the doctrines advanced in that case well deserve the serious re-consideration of this Court, before they are to be regarded as the established law of the land, because they appear to be in conflict with many prior decisions of this Court, especially the case of *Jewett* v. *Preston,* 27 Maine, 400, and with the decisions of all other common law courts.

But even if that case is to stand, it still remains, that upon *this* note, the demandant cannot recover.

The mortgage to Winthrop and himself being joint, he is entitled to recover (if at all) the amount due upon joint security, *as survivor.* The legal remedy *survives to him.*

But he can have the conditional judgment, upon a joint mortgage, for nothing but the *joint debt secured* by that mortgage. The legal remedy survives to him only upon the *joint debt*, and as well as the mortgage. The two go together. There is no pretence that *Williams* can maintain an action in his own name upon this note to Winthrop, nor that he ever could. No remedy therefore *survives* to him upon this note. No person but Winthrop or his administrator can maintain an action upon this note, or upon the mortgage given to secure it. The two remedies concur. Williams has no legal interest in the note, and can maintain no action on the mortgage to collect it. This precise question has been already settled in Massachusetts and is decisive against the plaintiff. *Burnett* v. *Pratt & al.* 22 Pick. 556.

The counsel then at much length commented upon the town assessment, attempting to show that for all the years, of which the demandant paid the taxes, there was no legality or validity pertaining to them, and contending that the demandant could be under no obligation to pay such taxes, and therefore had no claim to have them embraced in the conditional judgment.

*Cutting*, for the demandant.

RICE, J. — The tenant has submitted to a default. The demandant now claims, to be entitled to an unconditional judgment for possession of the demanded premises. At the trial, as the case finds, the demandant introduced a deed of mortgage from Purinton to Winthrop and Williams, and also a tax title covering the premises described in the mortgage, with other territory not included therein.

Subsequently, the plaintiff abandoned his tax title, withdrew all records and proceedings tending to establish the same, except the treasurer's receipts, and elected to rely upon his mortgage and the notes alone, and claimed that the taxes paid should be included in the conditional judgment.

It is quite apparent, that when this report was drawn, the parties understood, that the demandant should have a condi-

tional judgment only, if entitled to recover.   By the provisions of c. 104, of stat. of 1844, the judgment must be conditional. The only questions, therefore, open for the consideration of the Court are, whether the plaintiff is entitled to maintain his action, and if so, for what amount shall the conditional judgment be entered.

That Thomas L. Winthrop has deceased and that the plaintiff Williams is surviving mortgagee, sufficiently appears from the evidence in the case.   The action is therefore properly in Court.

The demandant claims that the conditional judgment shall include the amount of the two notes produced at the trial, and the further sum of one hundred and sixty dollars and thirty-five cents, paid by him for taxes on the demanded premises, with interest thereon.   The tenant contends that judgment should go for the amount of the last note described in the mortgage and no more, excluding the note for sixty-six dollars, payable to Thomas L. Winthrop, and the amount paid by the demandant for taxes.

The mortgage was made by James Purinton, running to Thomas L. Winthrop and Reuel Williams, and provides "that if the said James Purinton, his heirs, executors or administrators pay to the said Winthrop and Williams, their heirs, executors, administrators or assigns, the sum of four hundred dollars in one, two, three, four, five and six years, according to his six notes therefor, then this deed, as also said six notes bearing even date with these presents, given by the said Purinton to the said Winthrop and Williams, promising to pay the same sum and interest, at the times aforesaid, shall be void, otherwise shall remain in full force."

The note to which objection is made corresponds in all respects with the notes admitted to be secured by the mortgage, excepting that it is payable to "Thomas L. Winthrop," instead of "Thomas L. Winthrop and Reuel Williams."   To prove that this was one of the notes given by Purinton to Winthrop and Williams, and constituted a part of the four hundred dollars secured by the mortgage, the deposition of

Daniel Williams, the attorney who drew and witnessed both the mortgage and the notes, was introduced.

From that testimony, if legally admissible, taken in connection with the papers presented, it satisfactorily appears that the note was given at the time the mortgage was executed, and constitutes a part of the four hundred dollars secured therein.

The objection to the introduction of this parol testimony is that it contradicts the deed.

The material part of the deed is the provision securing the payment of four hundred dollars. This is the substance of the contract. The production and proof of the deed, in the absence of all other evidence, would have entitled the plaintiff to judgment. *Thompson* v. *Watson*, 14 Maine, 316 ; 2 Greenl. Ev. § 329 ; 4 Phil. Ev. 309. The mortgage contains no stipulation for the payment of the notes, but does provide that on the payment of the four hundred dollars, the notes described, which were *given* to Winthrop and Williams, as well as the deed, shall be void.

Whether the plaintiff, after having proved his deed, was under the necessity of proceeding further, may admit of doubt. The most he could be required to do, if indeed that burden was on him, was to prove the amount that then remained due. The note objected to was introduced as evidence, to show in part that amount. Is it one of the notes "given by the said Purinton to the said Winthrop and Williams," which is to become void on the payment of the four hundred dollars secured by the mortgage ? Its date and amount correspond precisely with the description in the mortgage, and unless the word "given" is construed to mean "payable," there is no variance whatever. To give, ordinarily means to deliver, to transfer, to put into one's possession, to make over to another. If such be the legitimate meaning of the word as used in the deed, then, under the common and universally recognized rules of evidence, parol testimony is admissible to identify the note and apply it to the mortgage.

But if the other construction be adopted, and the word *given*

be deemed tantamount to *payable,* then the case falls clearly within the principle adopted by this Court, in *Bourne* v. *Littlefield,* 29 Maine, 302, and affirmed in *Sweetser* v. *Lowell,* 33 Maine, 446, wherein it is held that parol evidence is admissible to show a note produced in evidence, to be the one secured by a mortgage, when it does not correspond in all respects, with that described in the condition in the mortgage.

The amount of this note must therefore be included in the conditional judgment.

Against including in the judgment the amount the demandant has paid for taxes, the defendant has produced numerous objections, each and all of which he deems fatal.

In the view we have taken of this branch of the case, it will not be necessary to consider those specific objections in detail.

The mortgage, under which the demandant claims, covers the east half of No. 17, and the west half of No. 16, in the first range of lots, according to Weston's plan, of the town of Newport. The taxes paid by the demandant, and which he now claims to have included in his judgment, were assessed upon the premises covered by the mortgage and upon the east half of No. 16, and the buildings thereon, to wit, a house, two barns and a shed. The east half of No. 16, on which the buildings stand, is not covered by the mortgage. What portion of the taxes paid were assessed upon said east half of No. 16, and the buildings thereon, does not appear.

Taxes legally assessed upon an estate create a lien thereon, and lay the foundation for a title paramount to that derived by deed or mortgage. They constitute a legal charge upon the estate, not upon the mortgagee. *Faure* v. *Winans,* Hopkins, 283. It was the duty of the mortgager, and those holding under him, to discharge all taxes thus assessed upon the demanded premises, while they withheld the possession from the mortgagee, and in case taxes were assessed in a manner which they deemed illegal, notice of this fact should have been given to the mortgagee, and in case payment was to be resisted he should be indemnified against loss, because it would be un-

reasonable to subject the mortgagee to the hazard of contesting the legality of a tax title by a suit at law, in which, if the final result should be in favor of the validity of that title, all his rights under his mortgage would be forever lost.

But it is further contended that the taxes cannot be included in the conditional judgment, because only a part of the amount paid was assessed upon the estate included in the mortgage, and that under the provision of § 51 of c. 14, R. S. the demandant should have tendered the amount assessed upon the mortgaged premises, only, and thus discharged the tax lien by a much smaller sum than was actually paid.

The answer to this position is, that the whole estate of those claiming under the mortgager was assessed together, no distinction being made between that which was, and that which was not, included in the mortgage. There was therefore no data furnished by which the amount assessed upon the mortgaged premises could be determined, and the amount to be tendered ascertained. This was the fault of the mortgager. To entitle himself to the benefit he now claims, he should have rendered to the assessors a distinct description of that part of the estate covered by the mortgage, and thus have furnished a basis upon which a tender could have been made. This he has not done.

This form of action, as now regulated by statute, approximates very closely to a process in equity, for the redemption of mortgaged property, and the rights of the parties in ascertaining the amount for which a conditional judgment shall be rendered, must be determined upon the same principles that would control were the mortgager to bring his bill in equity to redeem the premises from the mortgagee. In that case the mortgager would be required to pay not only the sums directly secured by the mortgage, but also such additional sums as the mortgagee had been compelled to pay to protect the estate from forfeiture in consequence of the laches of the mortgager.

According to the agreement of the parties, the default is to stand and a conditional judgment is to be entered for the amount of the two notes produced in evidence at the trial,

and which are attached to the deposition of the witness Williams, and also for the amount paid for taxes, with interest thereon from the time of payment, with costs for the demandant.

SHEPLEY, C. J., and WELLS, HATHAWAY and APPLETON, J. J., concurred.