OPINION OF THE JUSTICES.

534

The following resolution was adopted by the House of Representatives at the present session of the General Court on May 3, 1951:

"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"1. Do the provisions of House Bill No. 418, An Act Repealing Certain Taxes and Providing for Additional Revenue of the State, Including a Retail Sales Tax, violate in any way the provisions of the fundamental law of the State with respect to the following:

"(a) The provisions of Section 2 of said bill by which the tax on stock in trade and the tax on live stock are repealed and a tax imposed on raw materials and goods in process.

"(b) The provisions contained in said Section 2 by which the State Tax Commission shall have the final determination of what constitutes finished products.

"(c) Those provisions of Section 6 of said bill contained in Sections 34, 35 and 36 of the proposed Chapter 79B of the Revised Laws, whereby certain funds would be distributed to towns and cities in 1952 and subsequent years according to taxes levied in 1950 by each town or city on manufacturers' finished goods, merchants' stock in trade and live stock, and particularly whether it is constitutional to provide for such distribution in future years when such distribution may have no relation to the amount which each town or city would have levied on said items in the year of distribution.

"(d) Those provisions of said Section 6 contained in Section 4 of the said proposed Chapter 79B relating to the retention of breakage, with particular reference to the fact that the breakage would have no rational relation to the amount of services performed by the retailer. Nor is there any rational relationship between the formula for levy on the consumer taxpayer and the formula for making returns by the retailer collector of the tax.

"(e) Those provisions of said Section 6, contained in section 2 of said proposed Chapter 79B, whereby a tax is imposed on beverages as defined in Chapter 170 of the Revised Laws as amended, except when consumed on the premises.

"2. Does any other provision of the said bill appear to be in conflict with the Constitution, or the Constitution of the United States.

"Further Resolved, that the Justices of the Supreme Court be respectfully requested [to give] their opinion on the following additional questions of law with reference to House Bill No. 418, An Act Repealing Certain Taxes and Providing Additional Revenue for the State, Including a Retail Sales Tax:

"1. Do the classifications of property to be taxed or exempted from taxation as personal estate under sections 2 through 5 of the bill violate any of the provisions of the fundamental law of this state?

"2. If the classification of finished goods as defined in section 2 of the bill violates the fundamental law, may the Legislature constitutionally define and exempt finished goods as 'any item which has been completely processed and which will be sold in retail trade'?

"3. Do the classifications contained in sections 1, 2 and 3 of the sales tax chapter proposed by section 6 of the bill violate any of the provisions of the fundamental law of this state?

"4. Does any other provision of the said bill appear to be in conflict with the Constitution?

"Further Resolved, that the Speaker transmit a copy of this Resolution and of House Bill No. 418 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court make the following answers to the inquiries contained in your resolution adopted the third of May, 1951, with reference to House Bill No. 418, An Act Repealing Certain Taxes and Providing for Additional Revenue of the State, Including a Retail Sales Tax.

It should be noted that the validity of a tax on retail sales is not questioned. That such a tax is constitutional has been declared by this court on former occasions. *Opinion of the Justices,* 84 N. H. 559, 576; *Opinion of the Justices,* 88 N. H. 500; *Opinion of the Justices,* 95 N. H. 546. "The tax being upon 'the transmission of property in a distinctive way,' it is immaterial whether it be placed

upon the seller or upon the purchaser." *Opinion of the Justices,* 88 N. H. 500, 503. Tangible personal property sold at retail is one of the "other classes of property" referred to in *Art.* 6 of Part II of the Constitution as being subject to taxation. See also, *Havens v. Attorney-General,* 91 N. H. 115; *Opinion of the Justices,* 94 N. H. 506.

Question 1 (a) raises the issue of whether it is constitutional to repeal the stock in trade tax and the tax on live stock (R. L., *c.* 73, *s.* 16, as amended), and impose a tax on raw materials and goods in process other than finished products of any manufactory. Insofar as this provides for the imposition of a tax it includes in the class of general property or estates raw materials and goods in process other than finished products of any manufactory. The issue raised is whether it is constitutional at the same time to exempt the stock in trade of merchants and others. No constitutional question is presented by the repeal of the tax on live stock and poultry. *Opinion of the Justices,* 88 N. H. 500, 510, 511.

"In the selective process of classifying certain property for taxation and exempting other property the Legislature has a wide discretion which will be sustained 'provided just reasons exist for the selection made.' *Opinion of the Justices,* 94 N. H. 506, 508." *Opinion of the Justices,* 95 N. H. 548, 550. The Legislature has liberal powers with respect to the classification of taxable property. *Canaan v. District,* 74 N. H. 517. It may be made for any just reason. *Opinion of the Justices,* 82 N. H. 561, 574. If there is such reason and the proposed selection is not arbitrarily made or for the sole purpose of preferring some taxpayers to others it will be upheld.

The argument is made that imposition of a tax upon the raw materials and goods in process of manufacturers coupled with repeal of the tax upon the stock in trade of retailers and wholesalers is not a selection supported by "just reason." *Cf. Opinion of the Justices,* 95 N. H. 548. Originally, a tax was imposed upon the stock in trade of merchants, while that of manufacturers went untaxed. See *Smith v. Burley,* 9 N. H. 423. Commencing in 1825, however, and since that date, taxes have likewise been imposed upon the "raw materials and manufactures of any manufactory." R. L., *c.* 73, *s.* 16. The language used in H. B. 418: "raw materials and goods in process . . . of any manufactory," in substitution, is not thought to be so vague and indefinite as to be unsupportable.

The requirement of the Constitution is not violated by what is

now proposed. While wholesalers and retailers will be exempt from a property tax upon their stock in trade, it is proposed to tax this property in the future by a tax upon its sale, paid directly by the consumer. Property in the marketing process is thus to be taxed but once, "and the event is fixed at the transfer from the retailer." *Opinion of the Justices,* 84 N. H. 559, 577. To impose another tax upon goods in the manufacturing process is not unjust, nor is it discriminatory. Manufactured goods are not necessarily sold within the state. If not, they would escape all taxation. To tax them by property tax during the process of manufacture, and again in different form, upon their transfer to the consumer, by sales tax, is not double taxation of the sort forbidden by the Constitution. "The taxation of personal property may sometimes necessarily involve duplicate taxation to a certain extent . . . . But such indirect influence is not the double taxation which is unreasonable within the meaning of the constitution." *Opinion of the Justices,* 77 N. H. 611, 614. "The incidence of the two taxes is determined by separate and distinct factors." *Opinion of the Justices,* 84 N. H. 559, 577, *supra.* "Whether the . . . taxes shall be assessed to the consumer or to the manufacturer . . . are questions of convenience and expediency, and not of equality and legal right." *Morrison* v. *Manchester,* 58 N. H. 538, 555. Question 1(a) is answered in the negative.

Question 1(e) relates to a section of the act the wording of which is somewhat difficult to follow. As we understand it, however, the question is raised whether it is constitutional to tax beverages consumed on the premises while not taxing those sold for consumption off the premises. The right of the State to control the sale and consumption of alcoholic beverages under both its police power and taxing power is more extensive than in the case of commodities thought to be less harmful and requiring less regulation. This control has been exercised fully from the earliest times. *State* v. *Holmes,* 38 N. H. 225; *State* v. *Corron,* 73 N. H. 434, 445. While this right to control under the police power and taxing power is not unlimited (*Manchester Press Club* v. *Commission,* 89 N. H. 442), there is no doubt that the State has wide discretion in taxing the sale and consumption of alcoholic beverages. All such beverages might be taxed. The reason for taxing beverages consumed on the premises and exempting others is not stated, but it is primarily a legislative question. *Morrison* v. *Manchester,* 58 N. H. 538, 554.

The *Opinion of the Justices,* 95 N. H. 546, dealt with the sub-

ject of the registration of sellers and the payment by them of the fee of one dollar. These measures received approval on pages 547, 548, as follows: "The provision contained in section 6 of the proposed act, that all sellers shall register with the Tax Commission and pay a fee of one dollar does not impose a tax upon sellers, but rather sets up the machinery for the administration of the law. Such registration may be sustained upon the same reasoning by which the filing of informatory inventories may be required of prospective taxpayers. The fee is a uniform contribution by all sellers to the cost of registration and as such appears to be necessary and proper. *Havens* v. *Attorney-General*, 91 N. H. 115, 120." However a seller who proves not to be a retailer should in fairness be entitled to a refund of the fee when this fact is established.

Question 1 (b). The provisions in section 2 of the bill by which the State Tax Commission shall have the final determination of what constitutes finished products, are valid. The power to make this finding may properly be delegated to the commission by the Legislature. "Such findings presuppose investigations which obviously cannot be made by the Legislature and which may properly be delegated to a subordinate agency." *Opinion of the Justices*, 94 N. H. 510, 511. See also, *Musgrove* v. *Parker*, 84 N. H. 550, 552. In *Opinion of the Justices*, 96 N. H. 513, 515, it was stated that the State Tax Commission could be constituted a board of appeal from the assessment of all taxes and tolls assessed and collected under its jurisdiction thereby doing away with the appeal to the Superior Court. Similarly, there can be no objection to making this commission the final arbiter of the question of fact of what constitutes finished products.

Section 33 provides that the State Tax Commission may reserve, certify and transfer to this court for decision any question of law which may arise in connection with the administration of the chapter. Our understanding of this section is that it relates to questions of law that arise in the course of proceedings brought before the commission for determination. The power given is for the purpose of adjudication and not for that of mere advice. Thus limited the provision is proper.

Question 1(c). Our understanding of the proposed distribution under sections 34, 35 and 36 of the proposed chapter 79-B is that the purpose is to compensate the towns and cities for loss of revenue due to the repeal of certain taxes by the proposed measure. This

is not what was considered to be a true appropriation in *Opinion of the Justices*, 94 N. H. 506, 510, and in *Opinion of the Justices*, 84 N. H. 559, 582. It is a distribution to compensate municipalities for losses due to the repeal of certain taxes. As such it is proper. *Opinion of the Justices*, 84 N. H. 559, 579; *Opinion of the Justices*, 88 N. H. 500, 507.

It is suggested that the formula for the distribution, the amount of taxes levied in 1950 under a law to be repealed, may not correctly represent the losses to be sustained in future years. For practical purposes we are of the opinion that the distribution proposed is sufficiently near to compensation for losses to be borne to be a valid provision of the law. If it proves to be unfair in future years, the method of distribution may be changed. The validity of the tax is not thereby affected.

Question 1 (d). In *Opinion of the Justices*, 95 N. H. 546, the view was expressed that the provision that breakage be retained by the retailer as compensation for collecting a sales tax was a proper aid in the administration of the law, but not constitutionally required. This duty of collection is similar to that of withholding taxes under the federal income tax provisions. It is a public duty that need not be compensated. No tax is imposed on sales of twenty-nine cents or less, nor need the retailer account for any, because such sales are exempt under section 2(4). Section 13. This provision is valid.

Section 3 of the proposed chapter 79-B provides for a tax on the storage, use, or other consumption, in this state of tangible personal property purchased at retail outside of the state. It is sustainable upon the ground that it is designed to prevent evasion of the proposed sales tax. *Kimball* v. *Badger*, 93 N. H. 345.

It is argued that paragraph IX of section 1 of the proposed chapter 79-B contains an unconstitutional inequality in that "sale price" does not include property that is traded in and intended for resale. This provision is in the interests of consistency. The tax is a tax on the consumer and section 1 II defines "retail sale" as "any sale . . . for any purpose other than for resale."

Under paragraph II of section 1 of the proposed chapter 79-B, the sale of capital goods is taxed, while no tax is levied on the sale of other tangible personal property used or consumed in the manufacturing, production, assembling, processing, refining, or merchandising of tangible personal property for sale by the purchaser. By definition, the tax does not apply to property used or consumed in

the production of taxable goods, excepting capital goods so used. The further provision by which the tax does not apply to property which "does not appear in the finished product" adds nothing to the original definition, since such property is within the class of property used or consumed in manufacture.

To exempt from tax, goods immediately consumed in the process of manufacture of other goods, while taxing capital goods, expended but little in the immediate process, is not an irrational classification. Goods immediately consumed are fully reflected in the sale price of the goods into which they are converted, and hence taxed upon sale at retail. The cost of capital goods represents so small a portion of any specific retail sale price as to yield no appreciable part of the tax, and hence may properly be separately taxed when purchased by the manufacturer.

The questions contained in the second part of the resolution numbered 1 through 4 are deemed to have been answered in reply to the questions in the first part of the resolution.

In conclusion, we will repeat as applicable to the presently proposed bill what was stated in *Opinion of the Justices*, 94 N. H. 510, 512: "We have not undertaken to consider all the provisions of the bill in every detail to ascertain whether they may be objectionable in some minor respect. 'We do not conceive that it is our province to do so.' *Opinion of the Justices*, 84 N. H. 559, 564." It should be understood that we are not foreclosing any questions that may arise in the actual operation of the act which may not be apparent on its face under the questions submitted.

FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.

May 15, 1951.

*Atlee F. Zellers*, Legislative Counsel to the Governor (by brief and orally), and *Perkins Bass* (orally), for the bill.

*Hamblett, Griffith, Moran & Hamblett (Mr. Robert B. Hamblett* orally), for the New Hampshire Council of Retail Merchants, opposed.

*Gardner C. Turner* (orally), also opposed.