Rockingham,
No. 4590.

RALPH GARLAND & a.

*v.*

FEDERAL LAND BANK OF SPRINGFIELD.

Argued April 1, 1958.
Decided April 24, 1958.

*John B. Ford* (by brief and orally), for the plaintiffs.

*Henry W. Shute* (by brief and orally), for the defendant.

BLANDIN, J.   The issue before us is whether the payments of $991.51 for taxes and interest and the interest charges of $150 made by the defendant, the Federal Land Bank of Springfield, and totaling $1,141.51, are properly added to the mortgage debt of the plaintiffs, Ralph and Mildred Garland.   The well established rule in these circumstances as lucidly expounded by *Doe*, C. J., in *Morrison* v. *Manchester*, 58 N. H. 538, 558, is that such charges are collectible because "the mortgagee is a creditor, justly entitled, by contract, to the payment of the original debt, without deducting from it the expenses of the land; and the land tax is an expense of the land."   See also, *Brown* v. *Simons*, 44 N. H. 475; 36 Am. Jur., Mortgages, *s.* 347; RSA 80:19.   The plaintiffs do not deny this principle but claim it is inapplicable here because the defendant was a mere volunteer and so cannot recover from them, citing such cases as *Clough* v. *Railroad*, 77 N. H. 222, 251.   The claim that the defendant was a volunteer rests on the premises that, while under the terms of the mortgage the bank had a right to pay all taxes necessary to preserve the property from a valid tax sale, these taxes were improperly assessed against Evans, a nonresident, as they should have been assessed against the plaintiffs.   RSA 73:10. From this they argue that the taxes were illegal (*Butterick* v. *Company*, 59 N. H. 392) and the defendant has no right or obligation to pay them.

However, whether the assessment was illegal or not there are other considerations which are decisive against the plaintiffs' claim.   So far as the record discloses, neither the plaintiffs nor anyone else ever notified the defendant that the taxes were improperly assessed or that any other illegality or irregularity existed.   If material it may also be assumed, in the absence of denial by the plaintiffs, that the assessment by the selectmen was in accord with the information furnished them by the register of deeds of Rockingham County where the land was situated, pursuant to RSA 478:14.   The tax appeared valid on its face and insofar as the defendant knew the property would be deeded for taxes (RSA 80:20) so that the defendant would lose its security or at least be subject to penalty interest payments (RSA 76:13; RSA 80:32) if the tax were not paid.   In these circumstances the defendant was justified in paying the tax.   36 Am. Jur., Mortgages, *s.* 347; *Williams* v. *Hilton*, 35 Me. 547, 554, 555; see *Bull* v. *Gowing*, 85

N. H. 483, 486. Furthermore, the great weight of authority and we believe the better reason holds that a mortgagee need not at its peril permit a tax legal on its face to go unpaid, or also at its peril and at its own expense contest its legality whenever the mortgagor chooses to question it. *Farmers Security Bank* v. *Martin,* 29 N. D. 269; *Federal Land Bank* v. *Brooks,* 139 Fla. 506; annos. 84 A. L. R. 1366, 1372; 123 A. L. R. 1248, 1253.

Since the defendant stood either to lose its security or to face litigation to establish its rights if it did not pay the taxes, it obviously cannot be considered a volunteer to whom the plaintiffs owe no duty of reimbursement. *City of Franklin* v. *Coleman Bros. Corporation,* 152 F. 2d 527 (1st Cir. 1945) *cert. denied,* 328 U. S. 844; see also, *Clough* v. *Railroad,* 77 N. H. 222, 251.

The question of the plaintiffs' remedy, if any now exists (see *Duncan* v. *Jaffrey,* 98 N. H. 305, and *City of Franklin* v. *Coleman Bros. Corporation, supra),* is not before us. This disposes of all exceptions of merit, but since the Superior Court must determine the final amount due the defendant (RSA 479:14) the order is

*Remanded.*

All concurred.