Request of House of Representatives,
No. 5348.

OPINION OF THE JUSTICES.

Submitted March 15, 1965.

Answer returned March 30, 1965.

The following resolution was adopted by the House of Representatives March 3, 1965 and filed in this court on March 9, 1965:

"Whereas, there is pending before the House of Representatives House Bill No. 292, An Act imposing taxes on the net income of all businesses, services and business operations conducted within the state, and providing for the abolition of certain taxes, and

"Whereas, questions have arisen as to the constitutionality of the proposed act, now therefore, be it

"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1 Do the provisions of House Bill No. 292, An Act imposing taxes on the net income of all businesses, services and business operations conducted within the state, and providing for the abolition of certain taxes, violate in any way the provisions of the fundamental law of the state, with respect to the following:

"(a) The provisions of RSA 78-A:2 as inserted by section 1 of the bill which classify as taxable only net income received from engaging in any business activity and levy a tax thereon.

"(b) The provisions of RSA 78-A as inserted by the bill which classify certain net income received from engaging in business activity as taxable and do not tax any other type of income.

"2 If the answer to question 1 is in the negative, is the proposed legislation otherwise constitutional?

"Be it further resolved, that the speaker transmit seven copies of this resolution and of House Bill No. 292 to the clerk of the Supreme Court for consideration by said court.

The following answer was returned:

*To the House of Representatives:*

The Justices of the Supreme Court make the following reply to your request for advice with respect to House Bill No. 292:

This bill is entitled "An Act imposing taxes on the net income of all businesses, services and business operations conducted within the state, and providing for the abolition of certain taxes." It proposes to accomplish this purpose by inserting in the Revised Statutes Annotated a new chapter 78-A to be entitled "Tax on Business Income." In view of the actual provisions of the

bill however, these titles are misleading. See section 1, V, VII and section 2. The bill is an income tax measure which in effect would repeal RSA 72:15, 1 (supp) (the stock in trade tax) and would impose a levy on income of almost every description. In this respect, it is similar to the proposed gross income tax bill, H. B. 190, submitted to this court in 1949. *Opinion of the Justices*, 95 N. H. 537. Actually, it is broader than H. B. 190 since, for example, it does not exempt charitable or other nonprofit organizations.

Before reaching your fundamental inquiries, it may be helpful to point out certain considerations bearing on the constitutionality of the proposed measure.

In *Opinion of the Justices*, 95 N. H. 537, we said that a gross income tax and a net income tax, such as is now before us, were alike in that they were both subject to the same constitutional requirements of uniformity. *Id.*, 539. We held the bill then before us unconstitutional, since the tax was not to be laid at a uniform rate on all income to be taxed. However, H. B. No. 292 does provide for a uniform rate of one per cent on all net income (section 3) and, so far as this feature alone is concerned, it is constitutional. *Opinion of the Justices*, 84 N. H. 559, 571; *Opinion of the Justices*, 97 N. H. 543, 545; *Opinion of the Justices*, 99 N. H. 512.

Also, we believe that the method of allocation of the tax between income derived partly from within and partly from without the state (section 5) does not offend any part of the New Hampshire or the Federal Constitution. *Opinion of the Justices*, 95 N. H. 540; *General Motors* v. *Washington*, 377 U. S. 436. The distribution of revenue provision (section 19), whereby the loss to cities and towns of the stock in trade tax will be made good, also appears valid. *Opinion of the Justices*, 84 N. H. 559, 578-579; *Opinion of the Justices*, 97 N. H. 533, 539. So, too, section 6, permitting the taxpayer to use a fiscal rather than a calendar year in making his returns, appears to offend no constitutional provision. *Opinion of the Justices*, 95 N. H. 540.

Section 17 of the proposed legislation states that the tax imposed upon "manufacturers, merchants, shopkeepers, mechanics, and tradesmen, with respect to their income from their transactions as such shall be deemed to be a property tax upon their stock in trade, in substitution for and in lieu of the tax heretofore imposed by paragraph 1 of RSA 72:15." Interpreted literally the tax imposed by this bill on the above enumerated taxpayers

would be a property tax which should be levied by the same standards and at the same rate as other property taxes. *Bemis &c. Bag Co.* v. *Claremont*, 98 N. H. 446, 450; *Opinion of the Justices*, 82 N. H. 561, 569. It would be unconstitutional to impose such a tax in a different manner and at a different rate than that on other property in the same taxing district. *Opinion of the Justices*, 99 N. H. 512, 513; *Opinion of the Justices*, 101 N. H. 549, 555. If the language of this section is changed to provide simply that these persons shall pay an income tax at the uniform rate provided for all others taxed by this bill and that the stock in trade tax previously imposed on the described tax-payers by RSA 72:15 I (supp) will be repealed, this section is not objectionable. *Opinion of the Justices*, 99 N. H. 512; *Opinion of the Justices*, 97 N. H. 533.

Your first specific inquiry, divided into two sections (a) and (b), which seem to us closely interrelated if not identical in purpose, raises difficult problems. These questions presuppose that the bill would tax "only net income received from . . . business" and would "not tax any other type of income." Yet section 2 of the bill would impose a tax upon the receipt of net income by residents engaging in business, and by "all other persons deriving such income from activities or business or any other source within this state." Moreover, section 1, VII defines "income" to include receipts from a great variety of sources, including receipts "from the sale, transfer or exchange of property, tangible or intangible real or personal, including the sale of capital assets", receipts "from prizes and premiums"; receipts "from interest, discounts, rentals, royalties, dividends, fees, commissions"; and "all other receipts of any kind and character from any source whatsoever" with certain exceptions. Whether the phrase "all other persons" in section 2 (b) is intended to refer simply to residents deriving income from the specified sources, or more broadly to all persons other than residents engaged in business is not plain. The purpose of the proposed classification made by section 2 (a) and (b) is not apparent.

Without doubt, the power of the Legislature to classify various subjects of taxation is broad. *Opinion of the Justices*, 84 N. H. 559, 569; *Opinion of the Justices*, 101 N. H. 549, 558. However, it is not unlimited. See *Opinion of the Justices*, 82 N. H. 561; *Opinion of the Justices*, 84 N. H. 559, 573; *Opinion of the Justices*, 88 N. H. 500, 509. "Property can be classified for tax purposes. The taxpayers cannot." *Opinion of the*

*Justices*, 84 N. H. 559, 569. Classification cannot be made without "just reasons." *Opinion of the Justices*, 97 N. H. 533, 536. Were the proposed bill limited to a tax on merchants and manufacturers having a stock in trade and the revenues used to replace the loss to cities and towns by the repeal of the stock in trade tax (RSA 72:15, I (supp)), it would, as previously suggested, be valid legislation. *Opinion of the Justices*, 97 N. H. 543, 545. But such is not the case.

House Bill No. 292 would tax the income from personal services of all kinds, including professional services, except that it would not tax income from personal services of an identical sort "for which wages or salaries are received from an employer." Section 1, V. For example, a self-employed carpenter, painter, plumber or general repairman would pay a tax. But his assistants, receiving wages or salaries, for an identical service, would pay nothing. Physicians self-employed would be taxed, while those performing like services for the State or a private employer would be free of taxation. Farmers would be taxed but their hired men performing the same work would be exempt from taxation. A self-employed lawyer would be taxed, although one working for him or for a corporation would not. A teacher employed by the State, city or a private school would incur no tax, but a private teacher or tutor would be taxed. Such examples can be multiplied almost indefinitely, but it appears to us unnecessary to do so.

We have said that a tax imposed on corporations, while allowing individuals engaged in like businesses or vocations to go free, is unconstitutional. *Opinion of the Justices*, 82 N. H. 561. The converse of this is also true. *Opinion of the Justices*, 84 N. H. 559, 573; *Opinion of the Justices*, 88 N. H. 500, 509. By incorporating his business and drawing a salary, any owner of a business could avoid personal liability for the tax. A small corporation by disbursing its receipts in the payment of salaries and other expenses, could likewise avoid liability for the tax. Section 1, V, VII. In short, it appears to us that H. B. No. 292 would discriminate between persons rendering like services by a classification which does not rest upon a just or valid distinction. It would definitely result in "preferring some taxpayers to others." *Opinion of the Justices*, 97 N. H. 533, 536. It follows that this provision cannot be held constitutional.

A further difficulty emerges in that under the proposed bill the *net income from interest and dividends would be taxed at*

the rate of 1% while under RSA 77:1 (supp) income from the same interest and dividends is already taxed at the rate of 4 1/4%. This would result in a total tax of 5 1/4% on the net income from interest and dividends while all other income taxed by H. B. No. 292 would be taxed at the rate of 1%. As was said in *Opinion of the Justices*, 84 N. H. 559, 577 "The incidence of the two taxes would be so nearly identical as to result in double taxation of a sort which is not permitted under our Constitution. In order that any form of double taxation be sustainable here, it must at least appear that the incidence of the two taxes is determined by separate and distinct factors."

It is true that the proposed legislation contains a separability clause (section 16) and that in some circumstances the valid portions of a law may be allowed to stand. *McIntire* v. *Borofsky*, 95 N. H. 174; *Opinion of the Justices*, 88 N. H. 484, 491. However, fundamental provisions of this bill are unconstitutional. Vital objectives in the entire scheme of taxation implicit in H. B. No. 292 cannot be carried out. In these circumstances, we think that the bill in its present form is unconstitutional. *Public Service Co.* v. *State*, 101 N. H. 154; *Williams* v. *State*, 81 N. H. 341.

It follows that the answer to your first question in its entirety is that the proposed legislation as presented to us would violate the fundamental law of this state. In view of what we have said, it appears unnecessary to answer further questions.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

March 30, 1965.

*Walter D. Hinkley*, Chairman of the Legislative Committee for the Bar Association of New Hampshire, in opposition to the bill.