*Opinion of the Justices,* 102 N.H. 80, 82, 150 A.2d 813, 815 (1959); *Opinion of the Justices,* 337 Mass. 800, 809-10, 152 N.E.2d 90, 95-96 (1958); 1 J. Sutherland, Statutory Construction § 9.06 (4th ed. C. Sands 1972).

Request of House of Representatives
No. 7228 ·

OPINION OF THE JUSTICES

June 20, 1975

The following resolution was adopted by the house of representatives on May 28, 1975, and filed with the supreme court on May 29, 1975:

"Whereas, there is presently pending before the House of Representatives 1975 Senate Bill 138, relating to the definition of property within the state under the business profits tax; and

"Whereas, the purpose of 1975 Senate Bill 138 is to relieve from taxation certain suppliers of the state liquor commission who would otherwise be subject to the business profits tax; and

"Whereas, concern has been expressed that limiting this proposed legislation to spirits and wines may be in violation of the 'proportional and reasonable' requirements of Article 5 of Part Second of the Constitution of New Hampshire or may create an impermissible classification of property in violation of Article 6 of Part Second of the Constitution of New Hampshire, now therefore be it

"Resolved by the House of Representatives:

"That, the justices of the Supreme Court be respectfully requested to give their opinion upon the following important questions of law:

"May the general court constitutionally limit the definition of 'business organization' under RSA 77-A:1, I when the consequence of such a limitation is to relieve from taxation otherwise taxable net income derived from a particular type of business activity as specified in 1975 Senate Bill 138? Would any other provision of the New Hampshire Constitution be violated if Senate Bill 138 were enacted into law?

"That, the Clerk of the House transmit ten copies of this resolution and ten copies of Senate Bill 138 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The question referred to this court is whether the legislature may constitutionally limit the definition of "business organization" under

RSA 77-A:1 I so as to relieve from business profits taxation otherwise taxable net income derived from sales of spirits and wines brought into the State by certain suppliers under the express direction of, or under an agreement with, the State liquor commission for sale to the commission, as proposed in Senate bill 138. RSA 77-A:1 I (Business Profits Tax: Definitions) defines a business organization as "any enterprise, whether corporation, partnership, sole proprietorship, association, business trust, real estate trust or other form of organization, which is organized for gain or profit and which derives economic benefit from the employment of property or labor or both within the state, except such enterprises as are expressly made exempt from income taxation . . . ." under the applicable federal statutes. RSA 77-A:2 (Supp. 1973) imposes a tax at the rate of seven percent upon the taxable business profits of every business organization.

Senate bill No. 138 would narrow the scope of the term "business organization" as used in RSA 77-A:1 I by providing that "[f]or the purpose of this paragraph, the phrase 'property within the state' does not include spirits and wines which are brought into the state for purpose of sale to the State liquor commission under the express direction of or under an agreement with said commission." Limiting the statutory definition of "business organization" in this fashion would relieve from taxation the otherwise taxable net income derived from the sale of spirits and wines to the State liquor commission.

The New Hampshire constitution entrusts the legislature with broad discretion to selectively classify property for the purpose of taxation. *Opinion of the Justices,* 106 N.H. 202, 206, 208 A.2d 458, 461 (1965); *Opinion of the Justices,* 97 N.H. 533, 536, 81 A.2d 845, 848-49 (1951); *Opinion of the Justices,* 95 N.H. 548, 550, 65 A.2d 700, 701 (1949); *Havens v. Attorney-General,* 91 N.H. 115, 118, 14 A.2d 636, 638 (1940); N.H. CONST. pt. II, arts. 5 and 6. "Inequality of taxes laid is forbidden, but inequality caused by taxing some property and not taxing other is permitted." *Opinion of the Justices,* 82 N.H. 561, 574, 138 A. 284, 291 (1927). Legislative classifications of property for purposes of taxation will be sustained so long as "just reasons" for the selections exist. *Opinion of the Justices,* 106 N.H. 202, 206, 208 A.2d 458, 461 (1965); *Opinion of the Justices,* 94 N.H. 506, 508, 52 A.2d 294, 296 (1947); *Opinion of the Court,* 4 N.H. 565, 568 (1829).

While the legislature's discretion to classify property is broad, the constitution prohibits it from classifying taxpayers for purposes of taxation. *Opinion of the Justices,* 106 N.H. 202, 205, 208 A.2d 458, 461

(1965); *Opinion of the Justices,* 97 N.H. 533, 536, 81 A.2d 845, 849 (1951); N.H. CONST. pt. II, art. 6. "Property can be classified for tax purposes. The taxpayers cannot." *Opinion of the Justices,* 84 N.H. 559, 569, 149 A. 321, 326 (1930).

Whether Senate bill No. 138 as presently drafted seeks to classify taxpayers or only property is not clear. "[T]he constitutionality of a statute is to be decided by an examination of its real purpose and its actual effect." *Opinion of the Justices,* 87 N.H. 496, 497, 179 A. 409 (1935). If the effect of the proposal is to exempt certain taxpayers, *i.e.* those who sell "spirits and wines" to the State liquor commission, from this State's general business profits tax, it is unconstitutional. If, however, Senate bill No. 138 merely classifies net income from the sale of "spirits and wines" to the State liquor commission as property exempt from taxation and if a "just reason" can be found for doing so, it is constitutional. *Opinion of the Justices,* 114 N.H. 174, 177-78, 317 A.2d 568, 570 (1974).

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

June 20, 1975
    D. Alan Rock, Senator, District 12, filed memorandum.
    Philip R. Currier, Representative District 15, filed memorandum.
    Hat Enterprises, Inc., of Nashua, New Hampshire, filed memorandum.