Request of House of Representatives
No. 78-098

### OPINION OF THE JUSTICES

May 10, 1978

The following request of the house of representatives for an opinion of the justices was adopted April 18, 1978, and filed with the supreme court on April 20, 1978:

"Whereas, there is pending before the House of Representatives House Bill No. 18, An Act relative to state taxation of electric generating plants; and

"Whereas, the bill imposes a state tax upon electric generating plants having a name plate generating capacity of 500,000 kilowatts or more; and

"Whereas, the bill does not preempt local governments from taxation of the facilities that would be taxed by the state under the bill; and

"Whereas, questions have arisen as to the constitutionality of House Bill No. 18; now, therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following questions:

"1. May the Legislature constitutionally impose a state tax, to be levied at a fraction of the state's average equalized property tax rate, upon only electric generating plants having a name plate generating capacity of 500,000 kilowatts or more?

"2. Would the imposition of such a tax upon property also taxable at the local level violate the provisions of Part II, Article 5 of the New Hampshire Constitution or any other provision of the constitution?

"Be It Further Resolved, That the clerk of the House of Representatives transmit seven copies of this resolution to the Justices of the Supreme Court along with copies of House Bill No. 18."

The following answers were returned:

To the House of Representatives:

The undersigned justices of the supreme court submit the following reply to your inquiries pertaining to House bill 18, entitled "An Act relative to state taxation of electric generating plants." Your inquiries were received on April 20, 1978. On the same day the follow-

ing order was issued: "Typewritten memoranda on the questions presented by the request may be furnished by any attorney, legislator, organization, interested party or member of the public on or before Monday, May 1, 1978." The only memorandum received was furnished on behalf of the Public Service Company of New Hampshire.

House bill 18 proposes the imposition of a State tax upon large electric generating plants with a capacity of 500,000 kilowatts or more. "The rate is 1/6 of the state's average equalized property tax rate. Any amounts paid in local property taxes on property being taxed by the state shall be deducted from the state tax. The revenue, after paying for the administration of the tax, shall be distributed to the cities and towns according to an equalized formula." The assessed value is to be the market value as determined by the unit method of appraisal. This method is defined "as the appraisal of the property as a whole without geographical or functional division of the whole." RSA 78-D:3, as proposed.

Question No. 1 reads as follows: "May the Legislature constitutionally impose a state tax, to be levied at a fraction of the State's average equalized property tax rate, upon only electric generating plants having a name plate generating capacity of 500,000 kilowatts or more?"

House bill 18 would not impose a State property tax on all electric generating plants. Instead, it singles out for taxation only electric plants with a generating capacity of 500,000 kilowatts or more. Since the bill provides that local property taxes paid by these plants are to be credited against the State tax, it must be assumed that the State tax is intended to be higher than the local property tax assessed on all electric generating plants under RSA 72:8.

█ Without doubt, the power of the legislature to classify various subjects of taxation is broad. *Opinion of the Justices*, 117 N.H. 749, 755, 379 A.2d 782, 786 (1977); *Opinion of the Justices*, 106 N.H. 202, 205, 208 A.2d 458, 461 (1965). However, it is not unlimited. There must be a "just reason" for the selection and classification of the property in question. *Opinion of the Justices*, 115 N.H. 306, 308, 339 A.2d 450, 451 (1975). To be considered reasonable a classification must be sufficiently inclusive to constitute a distinctive class. *Opinion of the Justices*, 114 N.H. 174, 177, 317 A.2d 568, 570 (1974).

The memorandum which we have received asserts that there is presently only one electric generating plant in New Hampshire, Sea-

brook Station, which would be taxable under House bill 18 at the higher State rate. It is common knowledge that the end product of all electric generating plants is the same regardless of their size. No valid reason has been presented to us which would justify classifying electric plants solely by size for the purpose of imposing an ad valorem property tax. *See Opinion of the Justices*, 117 N.H. 749, 379 A.2d 782 (1977).

It is true · that different sources of energy, that is, water, coal, oil and nuclear, are used to produce the end product. Absent certain necessary information, we cannot give an opinion as to whether electric generating plants fueled by nuclear energy possess enough differing characteristics to be classified separately for the purpose of imposing an ad valorem State tax on their properties. In the absence of a just reason for so doing, it is clearly established that a State ad valorem tax on all electric generating plants must be at the same rate and by the same mode of valuation. *Opinion of the Justices*, 101 N.H. 549, 555, 137 A.2d 726, 730 (1958); *Opinion of the Justices*, 106 N.H. 202, 205, 208 A.2d 458, 461 (1965).

Our answer to Question No. 1 is "No", on its face and on the information before us, the tax proposed by House bill 18 is of doubtful constitutionality and cannot be imposed.

Question No. 2 reads as follows: "Would the imposition of such a tax upon property also taxable at the local level violate the provisions of Part II, Article 5 of the New Hampshire Constitution or any other provision of the Constitution?"

Our answer to the first part of your question is "No," it is not unconstitutional for the State and the local government to impose an ad valorem property tax on the same property at the same time. *Opinion of the Justices*, 112 N.H. 32, 36, 287 A.2d 756, 758 (1972).

As to the second part of your question, " 'we have not undertaken to consider all the provisions of the bill in every detail to ascertain whether they may be objectionable.' " *Opinion of the Justices*, 111 N.H. 131, 135, 276 A.2d 817, 820 (1971). Lack of time and of information have rendered this impracticable.

EDWARD J. LAMPRON
WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III

*Sulloway, Hollis, Godfrey & Soden*, of Concord, on behalf of Public Service Company of New Hampshire, filed a memorandum.