Merrimack
No. 82-192

JOHNSON & PORTER REALTY CO. *& a.*

v.

COMMISSIONER OF REVENUE ADMINISTRATION

July 14, 1982

*Sulloway, Hollis & Soden,* of Concord (*Martin L. Gross* on the brief and orally), for the plaintiffs.

*Gregory H. Smith,* attorney general (*Marc R. Scheer,* assistant attorney general, on the brief and orally), for the State.

BROCK, J. This interlocutory transfer without ruling, approved by the Superior Court (*Cann,* J.), involves legal issues arising out of the plaintiffs' petition for declaratory judgment challenging the constitutionality of the minimum business profits tax. RSA 77-A:2-a (Supp. 1981) (repealed by Laws 1982, chapter 42). For the reasons that follow, we hold that RSA 77-A:2-a (Supp. 1981) is unconstitutional and that the taxpayers are entitled to a refund.

The plaintiffs are business organizations subject to the provisions of the Business Profits Tax, RSA ch. 77-A, and were required to file 1981 business profit tax returns pursuant to RSA 77-A:6 (Supp. 1981). Because none of the plaintiffs generated sufficient taxable business profits to incur a tax obligation in excess of $250, all paid the minimum tax of $250 imposed by RSA 77-A:2-a (Supp. 1981).

RSA 77-A:2 (Supp. 1981) imposes a tax, known as the business profits tax, on "taxable business profits" at the rate of 8%. In addition, a surtax of 13.5% is assessed on payments made under RSA 77-A:2 (Supp. 1981), Laws 1981, 461:1, resulting in a business profits tax rate of 9.08%. "Taxable business profits," as defined by RSA 77-A:1 IV (Supp. 1981), is the "net" taxable income of a business, subject to federal income tax. A taxpayer with no taxable business profits is thus not liable for a business profits tax. RSA 77-A:2 (Supp. 1981). The newly enacted RSA 77-A:2-a (Supp. 1981) imposes a "minimum tax" of $250 upon every business organization which has a gross business income in excess of $12,000, and business profits of less than $2,753. (At the latter amount, the regular 9.08% business profits tax applies). In other words, taxable business organizations shall pay the greater of the amounts due

under the minimum tax provision or the amount due under the regular business profits tax provision. *See* RSA 77-A:2-a (Supp. 1981).

The State argues that if the tax is considered a flat tax on gross income, it passes constitutional muster. The plaintiffs respond that the tax imposed by RSA 77-A:2-a (Supp. 1981) is unconstitutional without regard to whether it is characterized as a minimum business profits tax or as a minimum tax on gross income because it violates part I, article 12, and part II, articles 5 and 6, of the New Hampshire Constitution. We agree with the plaintiffs that RSA 77-A:2-a (Supp. 1981) fails to meet the criteria for a valid tax under our State constitution.

■■■■ This court has consistently interpreted the constitutional provisions relating to the taxing power to require that a tax imposed by the legislature against a distinct class of property, *Opinion of the Justices*, 118 N.H. 343, 345, 386 A.2d 1273, 1275 (1978), be at a uniform rate. *Opinion of the Justices*, 117 N.H. 749, 755, 379 A.2d 782, 786 (1977). A tax must be in proportion to the actual value of the property subject to tax, and it must operate in a reasonable manner. *E.g., Opinion of the Justices*, 117 N.H. at 755, 379 A.2d at 786; *see also Opinion of the Justices*, 4 N.H. 565, 570 (1829).

First, the minimum tax is neither uniform, nor proportional. *See Opinion of the Justices*, 117 N.H. at 756, 379 A.2d at 786; *Opinion of the Justices*, 114 N.H. 174, 179, 317 A.2d 568, 571 (1974). The "minimum tax" provided for in RSA 77-A:2-a (Supp. 1981) is a regressive, graduated tax not permitted by our constitution. *See Felder v. Portsmouth*, 114 N.H. 573, 579–80, 324 A.2d 708, 711 (1974). Because the minimum tax applies to all businesses with a gross income in excess of $12,000 and business profits of less than $2,753, without reference to specific amounts of either gross income or business profits, it results in a tax at a graduated rate. In addition, this graduated rate structure clearly imposes a greater burden of taxation on those taxpayers less able to pay, because the rate of tax increases as the tax base becomes smaller.

Second, the State has not demonstrated how the class of property taxed under the minimum tax, RSA 77-A:2-a (Supp. 1981), is distinguishable from the class of property taxed under the regular business profits tax, RSA 77-A:2 (Supp. 1981). There is nothing in the statute or the legislative history to suggest, as the State argues, that the tax is a tax on gross income of $12,000.01 rather than a minimum tax based on the amount of business profits. The

minimum tax is applied to all qualifying businesses whose business profits are below the amount ($2,753) at which the regular business profits tax would be $250.

Finally, no "just reason" exists to tax property under the minimum tax at a higher rate than the property under the business profits tax. *See Opinion of the Justices*, 118 N.H. at 345, 386 A.2d at 1275; *Opinion of the Justices*, 111 N.H. 131, 134–35, 276 A.2d 817, 819 (1971). An example of the practical application of the minimum tax clearly illustrates its unreasonable operation. A business organization with a gross income in excess of $12,000 and business profits of $2,753 is liable under the regular business profits tax provision, RSA 77-A:2 (Supp. 1981), for a tax of 9.08% of its business profits, *i.e.*, $250. Another business organization having identical gross income, but no business profits or even a great business loss, must then pay a tax of $250 under the "minimum tax" provision of RSA 77-A:2-a (Supp. 1981).

Having determined that RSA 77-A:2-a (Supp. 1981) is unconstitutional, we must now consider whether the State should be compelled to refund taxes paid under this provision.

The State contends that no refund is required because the taxpayers did not meet their burden of proving that they paid the tax involuntarily, and that, in any event, our decision should not be applied retroactively. We disagree.

The State's argument might have some merit if the taxpayers had to rely solely upon the common law in order to obtain a refund. *But see Garland v. Federal Land Bank*, 101 N.H. 260, 263, 140 A.2d 568, 570 (1958); *Broward County v. Mattel*, 397 So. 2d 457, 460 (Fla. 1981) (and cases cited therein); *Fort Bend Indep. Sch. Dist. v. Weiss*, 570 S.W.2d 241, 243 (Tex. Civ. App. 1978); *see also Atchinson &c. Ry. Co. v. O'Connor*, 223 U.S. 280, 286–87 (1912) (tax payment held involuntary where criminal sanctions exist for enforcement of the obligation to pay). However, because the business profits tax statute itself, RSA 77-A:13 (1970 & Supp. 1981), provides a mechanism by which taxpayers whose taxes have been erroneously or illegally assessed may obtain a refund, the plaintiffs need not rely upon the common law. *See Atlantic Richfield Co. v. Board of County Comm'rs*, 569 P.2d 1267, 1274 (Wyo. 1977) (quoting 84 C.J.S. *Taxation* § 632-b(2) (1954)).

Because RSA 77-A:2-a (Supp. 1981) is deemed void *ab initio*, *see Trustees &c. Academy v. Exeter*, 90 N.H. 472, 495, 27 A.2d 569, 586 (1940), the plaintiffs and all other taxpayers similarly situated are entitled to a refund of the tax they paid under that provision,

provided that they timely file their demand for reimbursement with the commissioner of revenue administration pursuant to RSA 77-A:13 (1970 & Supp. 1981).

*Remanded.*

All concurred.