Strafford,
No. 4700.

JAMES T. LAMPESIS *v.* JOSEPH F. COMOLLI.

Argued December 2, 1958.

Decided December 31, 1958.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiff.

*Orr & Reno* (*Mr. Reno* orally), for the defendant.

DUNCAN, J. Following the order for new trial entered by this court on April 24, 1958, the plaintiff moved in this court on May 5, 1958, that the new trial be limited to the issue of damages, upon the ground that the court had "sustained the verdict of the jury in regard to . . . liability," and that the error upon which the order for new trial was predicated affected only the issue of damages. Without hearing, this motion was denied on May 8, 1958, "without prejudice to [the plaintiff's] right to present the same motion for consideration by the Trial Court."

It is well settled in this jurisdiction that upon new trial the question of whether a fair trial can be afforded without retrial of all issues is ordinarily one of fact for the Trial Court to pass upon in the first instance. *Derosier* v. *Company*, 81 N. H. 451, 469; *Maravas* v. *Corporation*, 82 N. H. 533, 543. See *Hadley* v. *McLaughlin*, 100 N. H. 497, 503. It is equally well settled as a general proposition that a retrial of issues as to which no error has been committed will not be required, if they can be separated from issues as to which there was error. *Kilfoyle* v. *Malatesta*, 101 N. H. 473, 475; *Morin* v. *Company*, 78 N. H. 567, 570. However, this proposition is "subject to the qualification that as much more of the case must be retried as may be necessary in order to afford the parties a fair trial." *West* v. *Railroad*, 81 N. H. 522, 533. "The question whether a new trial may be limited is one of law; but whether it shall be is [a] matter of fact." *Id.*, 534.

In passing upon the defendant's exception, it is essential to consider the posture of the case at the time the new trial was ordered. The opinion upon the former transfer determined that there was evidence sufficient to take the case to the jury, and the defendant's exceptions to the denial of motions for a nonsuit and a directed verdict were overruled. *Lampesis* v. *Comolli*, 101 N. H. 279, 284. It was further determined that because of error with respect to the instructions to the jury on damages, a new trial was required. *Id.*, 284, 285. In these circumstances it was considered unnecessary to pass upon numerous other exceptions taken by the defendant, certain of which were taken to allegedly improper assertions by plaintiff's counsel in the course of the trial

and in final argument, and to the denial of motions for mistrial arising therefrom. *Id.*, 280, 285.

It thus is apparent, contrary to the allegation of the plaintiff's motion filed in this court, that the former decision did not "sustain the verdict of the jury in regard to the liability of the defendant." On the contrary, as the opinion indicates, in view of the order for new trial because of error with respect to the instructions on damages, it was deemed unnecessary to consider many exceptions some of which bore upon the issue of liability. *Cf. Monroe* v. *Sterling*, 92 N. H. 11; s. c. 92 N. H. 488.

The order of the Trial Court limiting the retrial to the issue of damages would effectively deprive the defendant of the opportunity to retry the issue of liability to which some of these exceptions related. When it was entered, it could not be said to "clearly" appear that there had been no error with respect to the issue of liability (*Moulton* v. *Langley*, 81 N. H. 138, 141); and the order is therefore not sustainable. Although it may have appeared warranted in part by implications of the earlier order of this court summarily denying the motion for limitation of the trial filed here, the established practice of first submitting such questions to the Trial Court (*Derosier* v. *Company*, 81 N. H. 451, *supra*) furnishes a more accurate explanation of the action of this court.

It appears to us that the exceptions which were left unconsidered upon the first transfer cannot profitably be determined upon this one. Many result from matters unlikely to arise upon a complete retrial; and a proper understanding of the issue of damages will necessarily require that certain evidence bearing upon liability be received.

In our opinion justice will now best be served by a complete new trial. Accordingly, the order limiting the issues to be retried is vacated.

*Exception sustained.*

BLANDIN, J., was absent; WHEELER, J., did not sit; the others concurred.