Cheshire,
No. 5138.

CôTE BROTHERS, INC.

*v.*

GRANITE LAKE REALTY CORP.

Argued September 4, 1963.
Decided September 30, 1963.

*Sheehan, Phinney, Bass, Green & Bergevin* (*Mr. Gerard O. Bergevin* orally), for the plaintiff.

*Faulkner, Plaut, Hanna & Zimmerman* for Granite Lake Camp Associates, Inc., furnished no brief.

*Arthur G. Marx* for the defendant, furnished no brief.

KENISON, C.J. The defendant corporation and its allied corporation Granite Lake Camp Associates, Inc. were both small close corporations which were organized, operated and managed by the same three individuals as stockholders, officers and directors. The issue in this case is whether the defendant is liable on a mercantile claim for merchandise delivered which, it is argued, no officer of the corporation was authorized to purchase. The guide lines for deciding this issue were set forth in *Holman-Baker Co.* v. *Pre-Design Co.*, 104 N. H. 116, 117-118 as follows: "In the world of credit there is emerging a rule, consistent with modern business practices, under which a principal is bound by the promise of his general agent, whether or not authorized, when such promise is made within the scope of the agent's power. Mearns, Vicarious Liability for Agency Contracts, 48 Va. L. Rev. 50 (1962). The rule has been developed and nurtured over some period of time by an eminent authority. Seavey, The Rationale of Agency, 29 Yale L. J. 859 (1920) and Agency Powers, 1 Okla. L. Rev. 3 (1948) reprinted in Seavey, Studies in Agency 181 (1949). The rationale of the rule is not based on express authority, implied authority, apparent authority or estoppel 'but [is derived] solely from the agency relation and exists for the protection of persons harmed by or dealing with a servant or other agent' and is described as 'inherent agency power.' Restatement (Second), Agency, *s.* 8A."

The defendant owned the premises known as Granite Lake Camp which was leased to and operated by another corporation, Granite Lake Camp Associates, Inc. The corporations were organized by three individuals for the purpose of acquiring and operating Granite Lake Camp as "a summer camp." The same three individuals (Chester Gusick, Charles Gusick and Milton Lubow) were the sole stockholders, officers and directors of both corporations. One of the three stockholders, directors and officers, "Milton Lubow was the man who handled the finances." At the beginning of their operation a letter was circularized to prospective merchants and suppliers signed by Milton Lubow as secretary-treasurer of Granite Lake Camp Associates, Inc. The letter, which was admitted as an exhibit over the defendants' objection, stated that the three individuals named above were

the only persons authorized to order merchandise for Granite Lake Camp and that "we operate our business through Granite Lake Camp Associates, Inc. and Granite Lake Realty Corporation." During the period of time when the plaintiff's bill was due and owing rental payments were made by Granite Lake Camp Associates, Inc. to the defendant. From 1959 to 1962 the mortgage on the real estate in the original amount of $127,500 was reduced to "approximately seventy thousand dollars."

While both Chester Gusick and Charles Gusick testified that they had no knowledge of the letter sent to prospective merchants and that it was not authorized by them, it is evident that the letter was written in furtherance of the everyday business of the corporations and that it was done by Milton Lubow who was selected by the Gusick brothers as "the man who handled the finances." Note, Inherent Power As A Basis Of A Corporate Officer's Authority To Contract, 57 Col. L. Rev. 868, 886 (1957). The Restatement (Second), Agency, s. 161, *comment* a states in part: "Commercial convenience requires that the principal should not escape liability where there have been deviations from the usually granted authority by persons who are such essential parts of his business enterprise. In the long run it is of advantage to business, and hence to employers as a class, that third persons should not be required to scrutinize too carefully the mandates of permanent or semi-permanent agents who do no more than what is usually done by agents in similar positions." It is reasonably clear that Lubow as a stockholder, officer and financial manager of two allied close corporations had inherent agency power to purchase ordinary supplies for the business conducted through the two corporations. *Holman-Baker Co.* v. *Pre-Design Co.*, 104 N. H. 116, 119; 1 O'Neal, Close Corporations, s. 1.15 (1958); Annot. 55 A. L. R. 2d 6; 2 Fletcher, Corporations (1954 Rev. Vol.) s. 558.

The Trial Court's rulings, procedural and substantive, were correct. See *Record* v. *Wagner*, 100 N. H. 419. In view of this result it is unnecessary to consider whether the Court's ruling could be sustained on another ground by disregarding the corporate entity to prevent inequity or hardship to mercantile creditors. In that situation the apt words of an authority on corporation law would be pertinent. "In the now-familiar

metaphor, the court draws aside or pierces the 'veil' of corporate entity to see and deal with the live men and women behind it. The light of justice here reveals a diaphanous veil, not an iron curtain." 2 Hornstein, Corporation Law and Practice, *s.* 751, *p.* 262 (1959).

*Judgment on the verdict.*

All concurred.