Merrimack
No. 6509

CONCORD INVESTMENT CORPORATION

v.

NEW HAMPSHIRE TAX COMMISSION

February 28, 1974

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier (Mr. Ransmeier* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney *(Mr. Cleaveland* orally), for the defendant.

GRIFFITH, J. This is a petition for declaratory judgment brought by the plaintiff to determine whether the plaintiff is subject to the New Hampshire Business Profits Tax imposed by RSA ch. 77-A and, if subject to taxation under the terms of RSA ch. 77-A, whether the act is constitutional in its application to the plaintiff. RSA ch. 77-A became effective April 22, 1970, and is applicable to gross business profits earned subsequent to January 1, 1970.

Plaintiff is a New Hampshire corporation with thirty-nine stockholders classified as a personal holding company as defined in section 542 of the Internal Revenue Code. Presently it is in process of liquidation under section 337 of the Internal Revenue Code of 1954.

During the tax period in question the corporation owned shares of stock in fifteen corporations, two of which were New Hampshire corporations, and derived its income from dividends received on the stock owned and gains resulting from the sale of certain stocks. The cor-

porate expenses consisted of the salary of the president, directors' fees, and fees paid to its attorneys for keeping the corporate books, disbursing its dividends, and various legal services.

Plaintiff claims that it is not a "business organization" within the meaning of the statute. RSA 77-A:1 defines a "Business Organization" subject to the statute as "any enterprise, whether corporation . . . or other form of organization which is organized for gain or profit and which derives economic benefit from the employment of property or labor or both within the state . . . ." The plaintiff corporation was formed for the purpose of managing an investment portfolio for the profit of its stockholders. The word "property" in the statute is not limited to tangible property but as specifically set forth in the *Report of the Citizens Task Force,* on which the statute is based, is intended to include intangible property. *Opinion of the Justices,* 110 N.H. 117, 119, 262 A.2d 290, 292 (1970). In addition the plaintiff employs labor in investment and distribution of its income. The plaintiff therefore is a "business organization" within the meaning of RSA 77-A:1 and subject to tax thereunder.

Plaintiff claims that to subject it to the Business Profits Tax would result in improper discrimination between a corporation such as the plaintiff and an individual or partnership, part or all of whose income is derived from dividends. This objection was noted and rejected in *Opinion of the Justices,* 110 N.H. 117, 123, 262 A.2d 290, 295 (1970): "While the business tax now proposed would have the effect of nullifying the exemptions provided by RSA 77:4 and 5 where it may apply to interest and dividends accruing to business organizations, as distinguished from the personal accounts of individual partners or sole proprietors, no constitutional issue would thereby be presented, since business income may reasonably be classified separately from salaries, wages, and unearned income of individuals." *Opinion of the Justices,* 111 N.H. 136, 276 A.2d 821 (1971).

The fact that plaintiff is classified as a personal holding corporation for federal income tax purposes and re-

ceives more favorable tax treatment as a corporation than other corporations is not relevant to the issue before us. *Lawton v. Lawton,* 113 N.H. 429, 309 A.2d 150 (1973). Neither are we persuaded by the plaintiff's argument that we should disregard the corporate entity at the behest of the plaintiff corporation, *Cf. Peter R. Previte, Inc. v. McAllister Florist, Inc.,* 113 N.H. 579, 311 A.2d 121 (1973).

Plaintiff agrees that the taxation of individual stockholders under RSA ch. 77 of the dividends received from the plaintiff corporation is constitutionally permissible although the gross profits of the corporation have been taxed under RSA ch. 77-A. *Opinion of the Justices,* 110 N.H. 117, 262 A.2d 290 (1970). Plaintiff argues however that since two of the corporations from which it received dividends were New Hampshire corporations the plaintiff will be subjected to an unconstitutional levy of double taxation. Neither of the corporations the plaintiff received dividends from was subject to tax under RSA ch. 77-A. One was taxed under the provisions of RSA ch. 84 (the taxation of banks) and the other under RSA ch. 83-B (the franchise tax). However, plaintiff argues that if it received dividends from New Hampshire corporations subject to the Business Profits Tax, the income would then be taxed more than once in violation of the constitution. While this hypothetical tax situation is contrary to the facts of plaintiff's case, we hold neither the actual source of its dividend income nor the hypothetical source would result in a violation of our State constitution.

Laws 1971, 360:1 amended RSA 77-A:4 by permitting a deduction from gross business profits of dividends received by a parent corporation from its subsidiary whose gross business profits had already been subject to tax under RSA ch. 77-A. "The purpose of this deduction is to prevent double taxation on the identical gross business profits of a controlled corporation or a group of corporations and its parents." RSA 77-A:4 V (Supp. 1973). Since neither plaintiff's actual nor hypothetical dividend income comes within the provisions of this amendment, its dividend income is business income and nondeductible under the statute.

The gross business profits of a wholly owned subsidiary corporation referred to in RSA 77-A:4 are income to the parent corporation whether dividends are declared or not. It follows that the parent corporation has paid the business profits tax of the subsidiary and should not be required to pay it again by reason of its election to have those profits paid as dividend income to the parent corporation rather than retaining them in the subsidiary corporation. *Opinion of the Justices,* 106 N.H. 202, 207, 208 A.2d 458, 462 (1965). "The incidence of the two taxes would be so nearly identical as to result in double taxation of a sort which is not permitted under our Constitution." *Opinion of the Justices,* 84 N.H. 559, 577, 149 A. 321, 330 (1930).

No such identity of taxation is present in either the actual or hypothetical New Hampshire corporate dividends that may be received by the plaintiff. "[T]he incidence of the two taxes is determined by separate and distinct factors." *Opinion of the Justices,* 106 N.H. 202, 207, 208 A.2d 458, 462 (1965). Assuming the first corporation is the hypothetical New Hampshire corporation subject to the Business Profits Tax which has received business income and after reduction by the allowable deductions paid a business profits tax, such corporation may then elect to pay out in the form of dividends all, part, or none of the profits remaining after the tax or it may declare a dividend entirely from past profits unrelated to the gross profits it has paid the tax on. The corporation receives some of the dividends declared by the hypothetical first corporation adds them to its business income and after deducting its business expenses pays a business profits tax. In this situation there are two distinct separate business entities with two different streams of income. It has long been recognized that sometimes the taxation of personal property necessarily involves potential duplicate taxation to a certain extent. *Opinion of the Justices,* 77 N.H. 611, 93 A. 311 (1915). No tax duplication occurs as to the actual dividend income of the plaintiff (*Opinion of the Justices,* 111 N.H. 210, 279 A.2d 741 (1971)), and the potential duplication as to its hypothetical dividend income would be minimal. In neither case would there be unreasonable

double taxation within the meaning of the constitution. *Opinion of the Justices,* 110 N.H. 117, 262 A.2d 290 (1970); *Opinion of the Justices,* 97 N.H. 533, 81 A.2d 845 (1951).

*Petition dismissed.*

All concurred.