Cheshire
No. 6682

RICHARD W. CONWAY, INDIVIDUALLY
AND d.b.a. DICK CONWAY AND ASSOCIATES

v.

LEO J. JOBIN, INDIVIDUALLY
AND d.b.a. JOBIN ASSOCIATES

September 30, 1975

*Olson, Reynolds & McMahon* and *Michael P. Bentley (Mr. Bentley* orally) for the plaintiff.

*Bell & Kennedy (Mr. Ernest L. Bell III* orally) for the defendant.

GRIFFITH, J. Trial by jury of this action based upon an alleged agreement between the plaintiff and the defendant resulted in a verdict for the plaintiff in the amount of $9,000. Defendant's exceptions were reserved and transferred by the Trial Court, *Grant,* J.

The plaintiff was the only witness in his case and the defendant called only one witness, a former accountant of the plaintiff. Viewing the evidence most favorably to the plaintiff the jury could have found the following facts. In 1966 the plaintiff was the operator of a real estate brokerage firm employing some three other people in an office building owned by D.C., Inc., a corporation controlled by the plaintiff. The defendant was an insurance agent employed by the Metropolitan Life Insurance Company. The plaintiff agreed to furnish the defendant office space and to pay expenses of the defendant in operating an insurance business until such time as the defendant could pay for his expenses. In return the defendant agreed that when his insurance business produced in excess of $10,000, after payment of expenses, that he would divide any profits in excess of $10,000 evenly with the plaintiff.

In February of 1966, in accordance with the oral agreement of the parties, the defendant moved into the D.C., Inc. office building with the plaintiff and operated an insurance business there until September 1970 when he left. Shortly before the defendant left, the parties had gone to an attorney and had an agreement drafted which the plaintiff testified embodied the terms of their oral agreement. The defendant refused to sign this agreement.

The defendant argues that his motion for a nonsuit should have been granted since the agreement was too vague to constitute an enforceable contract and was unenforceable by reason of the Statute of Frauds. We need not determine whether the contract was enforceable since the plaintiff's right to recover is not dependent upon the validity of the contract. The defendant having repudiated the agreement after four and a half years, the remedy the plaintiff sought was not for breach of contract but reimbursement for the benefits he furnished the defendant. 12 S. Williston, Contracts § 1454 (3d ed. W. Jaeger 1970); Restatement of Contracts § 347 (1932); Restatement of Restitution § 108 (1937); 5 A. Corbin, Contracts § 1103 (1964); *see Sceva v. True,* 53 N.H. 627

(1873). The motion for a nonsuit was properly denied.

The defendant's exceptions to the admission of certain evidence on damages and to the court's charge on damages are valid and are sustained. Plaintiff testified subject to the exception of the defendant that D.C., Inc., the corporation he controlled, expended $9,000 in an addition to its building to provide office space for the defendant. The trial court's admission of evidence of a corporate expenditure on the issue of the plaintiff's damages and its refusal to exclude the corporate expenditure from the jury's consideration was error. Plaintiff argues that it was proper to "pierce the corporate veil" and to consider the expenditures of the corporation as those of the plaintiff. Cases concerned with piercing the corporate veil seek to charge stockholders with corporate debts *(Cote Brothers v. Granite Lake Realty Co.,* 105 N.H. 111, 193 A.2d 884 (1963); *Peter R. Previte, Inc. v. McAllister Florist, Inc.,* 113 N.H. 579, 311 A.2d 121 (1973)) or to prevent an individual from avoiding the limitations of a statute by use of the alter ego of a corporation. *N.H. &c. Beverage Ass'n v. Commission,* 100 N.H. 5, 116 A.2d 885 (1955). While the corporate veil may be pierced under certain circumstances on behalf of non-stockholders, it is not permitted to be cast aside for the convenience of those using it. *Concord Inv. Corp. v. N.H. Tax Comm'n,* 114 N.H. 105, 108, 316 A.2d 192, 194 (1974); *Montana Power Co. v. Federal Power Comm'n,* 185 F.2d 491, 497 (D.C. Cir. 1950); 1 W. Fletcher, Private Corporations § 41.2 (rev. vol. 1974). D.C., Inc. was not a party either to the agreement or the suit and it was error to allow the jury to consider any corporate expenditures as part of the plaintiff's damages.

In addition, it should be noted that capital expenditures, whether by the corporation or the plaintiff, were improper items of damages when the results of the expenditures remained the property of the plaintiff. Defendant could be charged with the use of the premises but not for the premises. We note also that there was evidence of rent due in addition to the cost of the improvements so that the jury were incorrectly allowed to consider both use and capital improvements. The court's charge contained no limitation on damages that would prevent double damages.

We do not rule in detail on the numerous exceptions of the defendant to the admission of evidence, denial of a motion for mistrial and to remarks and questions of the trial court, since it is doubtful if they will arise at a new trial. However, we cannot say that it "clearly" appears there was no error in the trial affecting the issue of liability. *Moulton v. Langley,* 81 N.H. 138, 141, 124 A. 70, 72

(1923). "In our opinion justice will now best be served by a complete new trial." *Lampesis v. Comolli,* 101 N.H. 491, 493, 147 A.2d 114, 116 (1958).

*Defendant's exceptions sustained; new trial.*

All concurred.