Hillsborough
No. 80-042

### FIRST FINANCIAL GROUP OF NEW HAMPSHIRE, INC.

v.

### THE STATE OF NEW HAMPSHIRE

May 11, 1981

382

*McLane, Graf, Raulerson & Middleton*, of Manchester (*Peter Guenther* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, acting attorney general (*Steven J. McAuliffe*, assistant attorney general, and *Betsy S. Westgate*, attorney, on the brief and *Andrew R. Grainger*, assistant attorney general, orally), for the State.

BROCK, J. This case primarily involves the business profits tax law, RSA ch. 77-A. The plaintiff, First Financial Group of New Hampshire, Inc., filed tax returns for three separate fiscal periods with the State Tax Commission. Certain deductions taken by the plaintiff were disallowed by the commission and the plaintiff appealed to the superior court pursuant to RSA 77-A:14. Both parties filed motions for summary judgment. The Trial Court (*Wyman*, J.) transferred, without ruling, the following questions of law raised by the motions:

 1. Does RSA 77-A:4 V limit the amount of deductions that a parent corporation may take for dividends paid to it by a subsidiary corporation to an amount that may not exceed the gross business profits of that

subsidiary earned since the effective date of RSA ch. 77-A?

2. If so, does the constitution of the State of New Hampshire, and the provisions of RSA ch. 84 preclude the application of that limitation to dividends paid to a parent by a wholly-owned subsidiary bank from profits earned by the subsidiary bank during periods when it paid a tax under RSA ch. 84?

3. If not, are any credits under RSA 77-A:5 not utilized by the subsidiary bank available to the parent?

The record before us includes a plethora of tax returns and earnings tables for a number of fiscal periods, but these add little, if anything, to an understanding of the legal issues transferred by the trial court.

The essential facts are as follows. The Manchester Bank is a wholly-owned subsidiary of the First Financial Group. Prior to January 1, 1970, the effective date of RSA ch. 77-A, The Manchester Bank accumulated earnings and paid a bank tax pursuant to RSA ch. 84, but did not pass on any dividends to its parent corporation, First Financial. Because RSA ch. 77-A did not take effect until January 1, 1970, The Manchester Bank did not pay a business profits tax on these earnings.

At all times after the business profits tax became effective, The Manchester Bank lawfully reported its current earnings and paid the tax due thereon. In 1970, The Manchester Bank also began to distribute dividends to the plaintiff. First Financial reported these dividends as earnings and then deducted them from its earnings pursuant to RSA 77-A:4 V (Supp. 1979).

For the tax period ending June 30, 1973, however, The Manchester Bank paid dividends to the plaintiff that were made up in part of its pre-January 1, 1970, earnings. The plaintiff deducted all of these dividends from its business earnings, but the commissioner of revenue administration denied the deductions on the basis that they did not qualify under RSA 77-A:4 V (Supp. 1979). This section of the statute provides that a parent corporation is allowed "a deduction of such amounts of gross business profits as are derived from dividends paid to the parent by a subsidiary . . . whose gross business profits *have already been subject to taxation under this chapter. . . .*" RSA 77-A:4 V (Supp. 1979). (Emphasis added.) The clearly expressed intent of the legislature in adopting this section "is to prevent double taxation on the identical gross business profits of a controlled corporation . . . and its parents." *Id.*

The issue before us is whether RSA 77-A:4 V (Supp. 1979) applies to dividends which are paid to a parent corporation from earnings which a subsidiary accumulated before the passage of RSA ch. 77-A and on which the subsidiary has paid no RSA ch. 77-A tax.

■ On its face, RSA 77-A:4 V does not allow a deduction under these circumstances. In order to qualify for a deduction under this section, the earnings of the subsidiary from which the dividends paid to the parent derive must have "already been subject to taxation under [RSA ch. 77-A]." RSA 77-A:4 V (Supp. 1979). It is agreed that the dividends at issue in this case consist of earnings upon which no tax was assessed under RSA ch. 77-A. Accordingly, we hold that the commission properly disallowed the deduction under section 4 V.

The plaintiff, however, raises three additional arguments in support of its claim that the deduction must be allowed: (1) the tax would result in double taxation in violation of N.H CONST. pt. I, art. 12, in that the tax would not be proportional or reasonable, as required by N.H. CONST. pt. II, art. 5; (2) to disallow the deduction would be to retroactively apply the tax in violation of N.H. CONST. pt. I, art. 23; and (3) RSA 84:18 prohibits such a tax.

The plaintiff supports its "double taxation" argument by pointing out that The Manchester Bank had been paying a tax under RSA ch. 84 prior to January 1, 1970. Consequently, the plaintiff contends, imposition of a tax under RSA ch. 77-A on the dividends derived from pre-1970 earnings paid to the parent after January 1, 1970, would result in double taxation.

The plaintiff relies on *Concord Inv. Corp. v. N.H. Tax Comm'n*, 114 N.H. 105, 316 A.2d 192 (1974), and *Opinion of the Justices*, 111 N.H. 210, 279 A.2d 741 (1971), in framing this argument. In *Concord Inv. Corp. v. N.H. Tax Comm'n*, we stated that "[t]he gross business profits of a wholly-owned subsidiary corporation . . . are income to the parent corporation whether dividends are declared or not." 114 N.H at 109, 316 A.2d at 195. The plaintiff argues that this language in *Concord Inv. Corp.* stands for the proposition that in determining whether or not there is double taxation, a parent corporation and its wholly-owned subsidiary will be viewed as one entity. *Concord Inv. Corp.* does state that an "identity of taxation" exists when both the parent and its wholly-owned subsidiary are required to pay a business profits tax on the same income. 114 N.H. at 109, 316 A.2d at 195. The plaintiff then points to *Opinion of the Justices*, 111 N.H. at 212, 279 A.2d at 742, to support its argument that the business profits tax and the tax imposed under

RSA ch. 84 both tax the same incident: receipt of income. The plaintiff argues that under the authority of these cases the parent and its subsidiary must be regarded as one tax entity and that, as such, it is being unconstitutionally taxed twice on the receipt of income. *See Opinion of the Justices*, 106 N.H. 202, 207, 208 A.2d 458, 462 (1965).

In *Opinion of the Justices*, 111 N.H. at 212, 279 A.2d at 742, we did point out that the incidence of taxation under both RSA ch. 77-A (business profits) and RSA ch. 84 (taxation of banks) depends on the receipt of income. That statement, however, was dictum and was made only in general terms because in that case it was not necessary that the justices focus their inquiry on the precise incidence of the two taxes. Moreover, that opinion did not deal with the constitutionality of imposing an RSA ch. 84 tax on a subsidiary and an RSA ch. 77-A tax on its parent.

■ Neither of the two cases relied upon by the plaintiff directly raised the issue presented here. The dispositive inquiry in cases involving alleged double taxation is whether the two taxes are determined by "separate and distinct factors." *Opinion of the Justices*, 111 N.H. at 212, 279 A.2d at 742; *Opinion of the Justices*, 106 N.H. at 207, 208 A.2d at 462.

■ In *Concord Inv. Corp. v. N.H. Tax Comm'n*, 114 N.H. at 109, 316 A.2d at 195, we stated that when a wholly-owned subsidiary pays a business profits tax and then passes those post-tax profits through to its parent in the form of dividends, the parent will not be required to pay a business profits tax on the dividends. This is so not only because RSA 77-A:4 precludes such a result, but, more importantly, because "[t]he incidence of the two taxes would be so nearly identical as to result in double taxation of a sort which is not permitted under our Constitution." *Concord Inv. Corp. v. N.H. Tax Comm'n*, 114 N.H. at 109, 316 A.2d at 195 (quoting *Opinion of the Justices*, 84 N.H. 559, 577, 149 A. 321, 330 (1930)). We have recognized that, for tax purposes, a degree of mutuality of identity exists between a wholly-owned subsidiary and its parent. The factual situation contemplated by the court in *Concord Inv. Corp.*, however, was that both the parent and its subsidiary would be forced to pay the exact same tax, an RSA ch. 77-A business profits tax. In such situations, the imposition of the business profits tax on both corporations "would be . . . *nearly* identical. . . ." *Id.* at 109, 316 A.2d at 195. We must, therefore, examine the nature of the two taxes involved in this case, the imposition of both of which the plaintiff claims would result in double taxation: an RSA ch. 77-A

(business profits) tax on the parent and an RSA ch. 84 (taxation of banks) tax on the subsidiary. We must then determine whether the two schemes of taxation are based on separate and distinct factors.

A closer examination of the tax imposed by RSA ch. 84 reveals that that statute does not necessarily tax the receipt of income generated by a bank. Rather, depending upon the type of bank, RSA ch. 84 imposes a tax of one percent upon the *par value* of the bank's *capital stock*. RSA 84:1, :16-d. A tax is also imposed upon the interest and dividends that are *paid out by the bank* to its depositors. RSA 84:16-c. RSA ch. 84 does not tax the bank's business profits.

 Although RSA ch. 84 and RSA ch. 77-A both tax a cash stream passing through a bank, the taxes are not identical and the stream of money that was earned prior to 1970 by the subsidiary and then later was passed through to the parent has not previously been subject to taxation as business profits. Therefore, "[n]o tax duplication occurs as to the actual dividend income of the plaintiff." *Concord Inv. Corp. v. N.H. Tax Comm'n*, 114 N.H. at 109, 316 A.2d at 195. Although there is some similarity between the taxes imposed by these two chapters and there is a similarity of identity between the two corporations, when these two factors are considered together with all the facts of this case, we cannot say that the two taxes imposed upon the two different corporate entities are so nearly identical as to result in double taxation. *See id.* In tax cases we do not completely disregard the corporate structure which the taxpayer has chosen for itself. *See Concord Inv. Corp. v. N.H. Tax Comm'n, supra* at 108, 316 A.2d at 194. Accordingly, we reject the plaintiff's contention that the tax sought to be imposed here is not proportional or reasonable because it results in double taxation. We find no double taxation.

The plaintiff's next argument is that to tax the dividends received by the plaintiff after January 1, 1970, which were comprised of pre-1979 earnings of the subsidiary, would result in the tax being retroactively applied in violation of N.H. CONST. pt. I, art. 23. We disagree.

██ ██ A tax operates retroactively only when the taxable event occurs prior to the date on which the tax becomes effective. *See Shangri-La, Inc. v. State*, 113 N.H. 440, 443–44, 309 A.2d 285, 288 (1973). The determinative point in this case is the time at which the plaintiff actually received the dividend, not the time at which the subsidiary earned the income which later became the dividend. *See id.* at 443, 309 A.2d at 288. Here, the plaintiff actually

received the dividends after January 1970, and therefore the taxable event occurred after RSA ch. 77-A took effect.

The plaintiff, however, again relying on *Concord Inv. Corp. v. N.H. Tax Comm'n supra*, argues that it and its subsidiary must be treated as a single taxable entity, the earnings of the latter being earned by the parent at the time they are actually earned. In effect, the plaintiff asks that we ignore its corporate structure. *Concord Inv. Corp. supra* does not compel such a result, and we will not disregard completely the plaintiff's corporate structure at its own behest. *See Concord Inv. Corp. v. N.H. Tax Comm'n, supra* at 108, 316 A.2d at 194. While both the plaintiff and its subsidiary do not have to pay a business profits tax on the same earnings, *id.* at 109, 316 A.2d at 195, we will not overlook the fact that we are dealing with two corporate entities for the purpose of determining when taxable events take place. Accordingly, we find no retroactive application of the business profits tax statute in this case.

The plaintiff's final argument is that under RSA 84:18 no tax may be imposed upon it other than one imposed by RSA ch. 84 and that, because the subsidiary paid an RSA ch. 84 tax at the time the earnings accrued, the tax imposed by RSA ch. 77-A may not now be imposed on the parent. Once again, the plaintiff's argument is premised on the belief that the subsidiary and the parent are to be treated as one and the same and that their corporate structure will be ignored. *Concord Inv. Corp. v. N.H. Tax Comm'n supra* does not stand for such a proposition. The language in *Concord Inv. Corp.* upon which the plaintiff bases its argument is largely dictum and simply supports the proposition that a parent and its wholly-owned subsidiary do not both have to pay a business profits tax on the same income. Moreover, the plaintiff's argument does not take into account RSA 77-A:55, which was raised specifically by the superior court in transferred question number 3. RSA 77-A:5 II, which was enacted subsequent to RSA 84:18, provides that the "[t]axes paid pursuant to RSA [ch.] 84, Taxation of Banks . . ." are to be allowed as a credit against the tax due under RSA ch. 77-A, the business profits tax. Because of this specific reference to RSA ch. 84, there can be no doubt that the legislature intended, and authorized, that both RSA ch. 84 taxes and RSA ch. 77-A taxes are to apply to banks notwithstanding the provisions of RSA 84:18. While RSA 77-A:5 II does provide banks with an RSA ch. 77-A credit as to taxes paid under RSA ch. 84, it does not provide that a subsidiary may pass its tax exemp-

tions or credits on through to the parent. We therefore find no merit in the plaintiff's claim and, for the reasons previously discussed, we answer question 1 in the affirmative, question 2 in the negative and question 3 in the negative.

*Remanded.*

BOIS and KING, JJ., did not sit; the others concurred.