Merrimack
No. 98-656

JOHN PHILLIPS & a.

v.

CITY OF CONCORD

December 15, 2000

*Charles A. Russell*, of Concord, by brief and orally, for the plaintiffs.

*Paul F. Cavanaugh*, city solicitor, of Concord, by brief and orally, for the defendant.

DALIANIS, J. The plaintiffs, a group of Concord taxpayers, appeal the denial by the Superior Court (*McGuire*, J.) of their petition for declaratory judgment. We affirm.

The following facts were adduced at trial. Chapter 203 of the Laws of 1994 authorized the defendant, the City of Concord, to change its fiscal year from the calendar year to a July 1 to June 30 fiscal year, and change from a semi-annual to a quarterly system for the billing and collection of property taxes. In February 1995, after a public hearing, the city council voted to adopt these two changes. On January 3, 1996, the city council adopted a budget fixing the amount of taxes to be collected and the money to be spent during the six-month conversion period, from January 1, 1996, to June 30, 1996.

The city then issued a property tax bill due on April 1, 1996. This bill, as authorized by chapter 203, equaled one-quarter of the prior year's total city, school, and county levy. The amount collected from this billing, excluding the county portion, funded the city's six-month conversion period budget. The school budget for that period had already been paid because the schools were already operating on a July 1 to June 30 fiscal year. Following the April 1, 1996, tax bill, the city issued four more property tax bills due July 1, 1996, October 1, 1996, January 2, 1997, and March 31, 1997, to fund its budget for the new July 1 to June 30 fiscal year.

The plaintiffs sought a declaratory judgment that chapter 203 was unconstitutional because it amounted to double taxation in violation of Part I, Article 12 and Part II, Article 5 of the New Hampshire Constitution. The plaintiffs asserted that as a result of chapter 203, the city issued five quarterly tax bills for the 1996 tax year, requiring them to pay an amount equaling 125% of the taxes assessed. The trial court ruled that the city's tax bills from April 1, 1996, to June 30, 1997, did not amount to double taxation because the April 1 bill and the next four bills were based upon separate and distinct factors. Specifically, the court found that: (1) the legislature established the tax rate for the April 1, 1996, tax bill, while the department of revenue administration established the tax rate for the next four bills; and (2) the April 1, 1996, bill and the next four bills funded separate budgets. The trial court further found that the plaintiffs presented no evidence to suggest that the city's taxing methods were not otherwise proportional or reasonable and that the evidence indicated that the city's tax procedures were not only reasonable, but advisable.

On appeal, the plaintiffs argue that the trial court erred in finding: (1) that the April 1, 1996, tax bill and the next four tax bills were

determined by separate and distinct factors; and (2) that the city's taxing procedures were reasonable.

"On appeal, we sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Quirk v. Town of New Boston*, 140 N.H. 124, 128, 663 A.2d 1328, 1331 (1995) (quotation omitted).

Pursuant to Part I, Article 12 of the State Constitution, "[e]very member of the community has a right to be protected by it, in the enjoyment of his life, liberty, and property; he is therefore bound to contribute his share in the expense of such protection." Further, pursuant to Part II, Article 5 of the State Constitution, the legislature has the power "to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and residents within, the said state." All taxes must be "proportionate and reasonable — that is, equal in valuation and uniform in rate." *Opinion of the Justices*, 117 N.H. 749, 755, 379 A.2d 782, 786 (1977) (citation omitted).

The plaintiffs contend that the five tax bills amounted to double taxation because, pursuant to RSA 76:2 (1991), they were all based upon the taxpayer's property ownership as of April 1996. "It is a fundamental principle in taxation that the same property shall not be subject to a double tax, payable by the same party either directly or indirectly." *Opinion of the Justices*, 76 N.H. 588, 590, 79 A. 31, 32 (1911) (quotation omitted). We have held that the dispositive inquiry in determining whether double taxation exists is "whether the two taxes are determined by separate and distinct factors." *First Financial Group of N.H., Inc. v. State*, 121 N.H. 381, 386, 430 A.2d 162, 165 (1981) (quotation omitted). We agree with the trial court's analysis. As it noted, the April 1, 1996, tax bill and the four subsequent bills funded two separate budgetary periods. Although all five tax bills were based upon property ownership as of April 1996, each of the five applied to a different period of time, so they are not "so nearly identical as to result in double taxation." *Id.* (quotation omitted).

█ The plaintiffs argue that double taxation resulted because they paid an amount in 1996 which equaled 125% of the taxes that they paid for the 1995 and 1997 tax years. In the 1996 tax year, however, the city was responsible for funding eighteen months with the five tax bills, rather than the usual twelve-month period. Thus, the plaintiffs did not make an extra payment to fund the same year of services; instead they paid for an additional six months. Further, the plaintiffs urge us to conclude that the taxes were not based upon

separate and distinct factors because all five tax bills were based upon property ownership as of April 1, 1996. They contend that the crucial taxing factors all flow from this date. We decline to do so. The critical factor is that the taxes fund different periods of time and do not subject property owners to an extra tax payment for the same period.

We next examine the trial court's finding that the taxing method for the 1996 tax year was reasonable. The trial court specifically found that the plaintiffs did not present any "evidence to suggest that the City's taxing methods were otherwise not proportional or reasonable." The trial court further noted that, in fact, the evidence showed that the tax procedures adopted by the city to handle the transition period were not only reasonable, but advisable. We hold that the record supports the trial court's findings. Barbara Reid, Assistant Commissioner of the New Hampshire Department of Revenue Administration, testified at trial that, "having seen the methods that other towns have used to change to the optional fiscal year, the other methods [that] are available in our general State laws appear to be more costly than the way Concord had accomplished a similar procedure." Further, in a letter to Concord Mayor William Veroneau and members of the city council, Stanley R. Arnold, Commissioner of the Department of Revenue Administration, stated that the department of revenue administration "would recommend the 'Concord' method of changing to the optional fiscal year to any community considering such a change in the future."

The plaintiffs argue that the taxing method for the transition period was unreasonable because it was based in part upon the prior year's total city and school levy, even though the school budget for this period had already been met. Thus, they argue that this taxing method included school funds that were not needed. They contend that this was unreasonable because "[c]learly, if there was no money from the tax bill going to the school portion of the levy, then excess funds were being raised beyond the needs of the Concord municipal budget for that six month period." We disagree.

The plaintiffs did not present any evidence which demonstrated that excess funds were being raised beyond the needs of the city. In addition, the plaintiffs' argument ignores the fact that the taxes collected for the conversion period, including the school levy, were based upon one-quarter of the prior year's taxes — a three-month period — yet they funded the full six months of the conversion. Thus, including the prior year's school levy in the calculation for the conversion period budget does not necessarily

equate to a surplus because three months of tax revenue had to fund the municipal budget for six months.

We need not address the plaintiffs' argument that the city's taxing procedures were unreasonable because they resulted in a surplus of several million dollars and they caused Concord residents to pay more taxes than taxpayers in other communities. The plaintiffs did not raise the argument below, and thus we deem it waived. *See Quirk*, 140 N.H. at 128, 663 A.2d at 1331. The plaintiffs' remaining arguments lack merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.